```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


JOHN A MCCORD, et al.,         )
                               )
     Plaintiffs,               )
                               )
vs.                            )    CIVIL ACTION 09-00182-CG-B
                               )
STATE OF ALABAMA,              )
                               )
     Defendant.                )
```

### REPORT AND RECOMMENDATION

This case is before the Court on Defendant State of Alabama's Motion to Dismiss(Doc. 7). The undersigned has carefully considered the arguments submitted in support of and in opposition to the motion. For the reasons set forth herein, the undersigned RECOMMENDS that Defendant's Motion to Dismiss be granted.

Plaintiffs, proceeding pro se, filed a Complaint against the State of Alabama on April 3, 2009. (Doc. 2). As best the Court can discern, Plaintiffs' Complaint concerns 4.07 acres of land which they purchased in a community referred to as "Pecan Place," and located outside of Summerdale, Alabama. The crux of Plaintiffs' Complaint appears to be their disagreement with a ruling by Judge Partin regarding a restrictive covenant and the property in question.

Defendant filed the instant motion to dismiss Plaintiffs' Complaint on the grounds that service of process was improper, and that Plaintiffs' suit against the State of Alabama is barred by the Eleventh Amendment. (Doc. 7). Plaintiffs were provided an opportunity to respond to Defendant's Motion, and filed two

responses in opposition to Defendant's Motion. (Docs. 10, 12).

The Eleventh Amendment bars suit in federal court against a state except where such immunity is waived by the state or is abrogated by Congress. Manders v. Lee, 338 F. 3d 1304, 1308 (11th Cir. 2003). A state may consent to federal jurisdiction, but this waiver of sovereign immunity must be expressly done. Atascadero State Hosp. V. Scanlon, 473 U.S. 234, 239-40, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985).  The Alabama Constitution provides "[t]hat the state of Alabama shall never be made a defendant in any court of law or equity. ALA. CONST. ART. I § 14; *See also* Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); Selensky v. Alabama, 2009 U.S. App. LEXIS 6987 (11th Cir. Ala. Apr. 1, 2009). Plaintiffs herein have proffered no evidence that the State of Alabama has agreed to be sued under the circumstances presented by this case, or that Congress has abrogated the State's Eleventh Amendment immunity with respect to the issues raised in the instant action.  Accordingly, the undersigned finds that Plaintiffs' claim against the State of Alabama is barred by the Eleventh Amendment.

For the reasons discussed herein, the undersigned RECOMMENDS that Defendant's Motion be granted.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this the **10th** day of **June, 2009.**

                                         /s/ **Sonja F. Bivins**
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.